## No. 143

### PRICE v. KOBACKER FUR. CO.

No. 19556.   Supreme Court

On motion to certify.  Dock. Jan. 11, 1926; 4 Abs. 56.

**317.  COUNTER-CLAIM—Does a counter-claim for damages for blacklisting the defendant for failure to pay an account set out in the petition "arise out of the contract or transaction set forth in the petition, i. e. the account sued upon, or is it "connected" therewith?**

The Kobacker Furniture Company, an Ohio corporation, brought this action originally in the Toledo Municipal Court against Charles Price for $247.95 on an account for furniture sold and delivered.

Price answered, setting up fraudulent representation of the furniture and counterclaimed for damages sustained by reason of the Kobacker Co. libelling him by causing him to be placed on the blacklist with the Merchants' Credit & Adjustment Company, because of his non-payment of the account.

The Municipal Court sustained a demurrer to the counter-claim and later rendered a judgment for the Company for a smaller amount than that prayed for. The Company thereupon appealed the case to the Lucas Common Pleas, which also sustained a demurrer to Price's counter-claim and entered judgment for the Company. The Court of Appeals affirmed the Common Pleas.

Price here contends that under Section 11317 GC. a counter-claim should be allowed because the blacklisting arose out of the same contract for transaction and was directly connected therewith.

Attorneys—Orville S. Brumback and John S. Brumback, for Price; Tyler, McMahon & Smith for Company; all of Toledo.

Note—OA. opinion will be found in 4 Abs. 68.

## No. 144

### EVERSMAN v. SHIPMAN CO. et

No. 19554.  Supreme Court

On motion to certify.  Dock. Jan. 9, 1926; 4 Abs. 56.

**313.  CORPORATIONS—May a corporation encumber with mortgages etc., its real property after the franchise of the corporation has been forfeited for non-payment of its franchise tax as provided in 5509 GC., or are its acts and the acts of those who attempt to act for it void?**

The Ray Shipman Company was incorporated under Ohio laws for the purpose of buying and selling real estate and improving the same and was domiciled in Hamilton.

In August, 1924, George Eversman applied for the appointment of a receiver for the Shipman Co. and named the following lien holders as defendants:  The Ohio State Life Insurance Co., The Westside Building & Loan Assoc., The Dollar Saving & Loan Co., The Walker Contracting Co., The Valley Mortgage Co., Edgar Ehlen, Cullen & Vaughn Co., Harry A. Grimmer and John P. Long, doing business as Grimmer & Long, Charlie Shane, Josheph Mense, doing business as Mense Electric Co., C. F. Pollard, Albert Shuler and Paul Shuler, doing business as Albert Shuler & Son, Joseph Prentner and The Williamson Heater Co.

Said receivership is, during the pending of this action, being conducted in the Butler Common Pleas.

The mortgages and liens in question were executed and filed subsequent to the cancellation of the articles of incorporation of the Shipman Co. by the Secretary of State. The question arose upon the reply and answer of Eversman to the answers and cross petitions filed by the lien holders, which put in issue the validity of the liens. The liens were held valid by the Common Pleas which was affirmed by the Court of Appeals.

Eversman, in the Supreme Court contends that, upon the forfeiture of the charter, all acts are void and that the Company ceases to be a corporation and that therefore all the liens executed and filed subsequent to such forfeiture of charter are void and of no effect.

Attorneys—W. S. Walton, Andrews, Andrews & Rogers, Hamilton and Roettinger & Street, Cincinnati, for Eversman.

## No. 145

### SECOND NAT'L BANK v. DENHAM et

No. 19543.  Supreme Court

On motion to certify.  Dock. Jan. 8, 1926; 4 Abs. 40.

**813.  NATIONAL BANKS—Is the ultra vires act of a national bank in granting a loan and accepting as security a first mortgage on real estate in violation of section 5137 of the Revised Statutes of the United States, void or voidable, and if voidable, is such an act subject to collateral attack?**

The second National Bank of St. Clairsville, loaned Joseph Denham $5000 to purchase certain real estate in return for which Denham executed a note and secured the same by a mortgage on the property. Contemporaneously an agreement, which was incorporated in the mortgage, was entered into by virtue of which the Bank has the right to purchase the property for $6000 by giving six months notice of its intention.  Such notice was given and upon Denham's refusal to comply with the agreement the Bank brought suit in the Belmont Common Pleas for specific performance. Denham defended on the ground that the act of the Bank in entering such a contract was ultra vires and therefore void.  Judgment was rendered for Denham, which was affirmed in the Court of Appeals.

The Bank in the Supreme Court contends that the fact that a purchase of real estate was in violation of the national banking act and therefore ultra vires, does not render the transaction void but only voidable and that its validity can only be attacked by the United States and not collaterally.

Attorneys—W. A. Kennon, St. Clairsville, for Bank; Gordon D. Kinder, Martins Ferry, for Denham.